Amy M. Samberg (#013874)
Amy L. Stein (#026113)
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
1 East Washington Street, Suite 500
Phoenix, Arizona 85004
Telephone:  602-777-6230
Facsimile:  (312) 863-5099
E-Mail: asamberg@fgppr.com
        astein@fgppr.com
Attorneys for Defendant Ohio Security Insurance Company
(erroneously named and sued as Liberty Mutual Insurance
Company and Liberty Mutual Fire Insurance Company)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elias Market LLC, an Arizona limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Liberty Mutual Insurance Company, a Massachusetts Corporation; Liberty Mutual Fire Insurance Company, a Massachusetts Corporation; John and Jane Does 1-10; and Black and White Corporations I-10,<br><br>　　　　　　　Defendants. | No.<br><br>No. CV2017-092824<br>Maricopa County Superior Court<br><br>**NOTICE OF REMOVAL OF ACTION; VERIFICATION OF AMY STEIN** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446, Defendant OHIO SECURITY INSURANCE COMPANY ("Ohio," erroneously named, sued and served as Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company[1]) hereby petitions this Court for removal of the state court action, which was originally commenced in the Superior Court of the State of Arizona in and for the County of Maricopa, entitled *Elias Market LLC v. Liberty Mutual Insurance Company, et al.*, Case No. CV2017-092824, on the following grounds:

---

[1] Ohio issued the relevant insurance policy to Plaintiff and is the proper entity to respond to Plaintiff's allegations.  Plaintiff has agreed to stipulate to the dismissal of his claims against Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company and to the amendment of the caption of its Complaint so that Ohio is identified as the Defendant, and Ohio has agreed to respond to Plaintiff's Complaint.

1.	On or around May 23, 2017, an action was commenced in the Superior Court of Arizona, County of Maricopa, entitled *Elias Market LLC v. Liberty Mutual Insurance Company, et al.*, Case No. CV2017-092824 (the "State Court Action"). A true and correct copy of the Complaint is attached as **Exhibit 1**.

2.	On June 16, 2017, a Summons and the Complaint were served on Liberty through the Director of Insurance, Arizona Department of Insurance. A true and correct copy of the Summons and Notice of Service of Process are attached hereto as **Exhibit 2**.

3.	Attached, collectively, as **Exhibit 3** are copies of all other process, pleadings, and orders filed in the State Court Action: Coversheet, Certificate Regarding Arbitration and Affidavits of Service to Liberty.

4.	The thirty-day period for removal does not begin to run until the party has been properly served. See *Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Thirty days have not elapsed since Liberty received the Summons and Complaint in this action. Accordingly, this Notice is timely filed under 28 U.S.C. § 1446(b).

5.	Plaintiff's Complaint alleges causes of action for breach of contract and insurance bad faith and seeks punitive damages. *See* **Exhibit 1**.

## VENUE

6.	Under 28 U.S.C. § 1446(a), venue of this action is proper in this Court as the district and division within which the State Court Action was brought.

## JURISDICTION

7.	Under 28 U.S.C. § 1441, Congress has granted defendants the statutory right to remove a case from state court to a United States District Court where that case could have originally been filed in federal court. This grant is authorized by Article III, Section 2 of the United States Constitution, which extends judicial power of the federal courts to controversies "between citizens of different states." 28 U.S.C §1332.

8.	Removal is proper in this case because the Court has original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship

between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  See 28 U.S.C. § 1441.

**AMOUNT IN CONTROVERSY**

9. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks damages for Ohio's alleged breach of contract and alleged bad faith, including special, general, and punitive damages, plus costs of suit, attorneys' fees, and expert witness fees as allowed by law.  In contract damages, alone, Plaintiff alleges $94,148.48. (*See* **Exhibit 1**, Complaint, ¶22)

10. Ohio does not concede that it is guilty of any conduct that would warrant the imposition of any of the damages alleged by Plaintiff or that the claimed damages were causally related to the conduct alleged against it, but based on the foregoing, Ohio believes that the evidence shows that the amount in controversy with respect to Plaintiff is in excess of $75,000.00.

**GEOGRAPHICAL DIVERSITY**

11. Upon information and belief, Plaintiff is a citizen of Arizona. *See* **Exhibit 1**, paragraph 1.

12. Ohio is an insurance company organized and existing under the laws of the State of New Hampshire with its principal place of business in the State of Massachusetts. Ohio is licensed to do business in the State of Arizona as an insurance carrier.

13. This case meets the requirements for original jurisdiction in this Court stemming from diversity of citizenship as set forth in 28 U.S.C. § 1332(a).

**REMOVAL IS PROPER**

14. This Notice of Removal is timely filed because it was filed within thirty days after receipt of the Summons and Complaint by Liberty and is filed within one year of the filing of the Complaint. 28 U.S.C. § 1446(b).

15. Ohio will also timely file a Notice of Removed Action with the Clerk of the Maricopa County Superior Court.

16. Ohio is providing written notice to Plaintiff. 28 U.S.C. § 1446(d).

17. Ohio reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Ohio hereby requests that the action now pending against it in the Superior Court of the State of Arizona, in and for the County of Maricopa, be removed to this Court.

DATED this 17th day of July, 2017.

                FORAN GLENNON PALANDECH
                PONZI & RUDLOFF PC


By: *s/ Amy L. Stein*
    Amy M. Samberg
    Amy L. Stein
    1 East Washington Street, Suite 500
    Phoenix, Arizona 85004
    Attorneys for Defendant Ohio Security
    Insurance Company (erroneously
    named and sued and Liberty Mutual
    Insurance Company and Liberty
    Mutual Fire Insurance Company)

## **VERIFICATION OF AMY STEIN**

I, Amy Stein, verify as follows:

1. I am an active member in good standing of the State Bar of Arizona and a partner with the law firm of Foran Glennon Palandech Ponzi & Rudloff, P.C., counsel of record for Defendant Liberty Mutual Fire Insurance Company.

2. I have firsthand knowledge of the matters set forth herein. I submit this verification pursuant to L.R. Civ. P. 3.6 and Fed. R. Civ. P. 11.

3. Attached as **Exhibit 1** is a true and correct copy of the Complaint originally filed in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled Elias Market, LLC v. Liberty Mutual Fire Insurance Company, Case No. CV2017-092824 (the "State Court Action.")

4. Attached as **Exhibit 2** are true and correct copies of the Summons directed to Liberty in care of the Director of Insurance, Arizona Department of Insurance and the Notice of Service of Process.

5. Attached collectively as **Exhibit 3** are copies of all other process, pleadings, and orders filed in the State Court Action:   Notice of Demand for Jury Trial, Coversheet, Certificate Regarding Arbitration and Affidavit of Service, to Liberty.

6. Attached as **Exhibit 4** is a true and correct copy of the Notice of Removed Action filed with the Clerk of the Maricopa County Superior Court, Case No. CV2017-092824.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks damages for Ohio's alleged breach of contract and alleged bad faith, including special, general, and punitive damages, plus costs of suit, attorneys' fees, and expert witness fees as allowed by law.  In contract damages, alone, Plaintiff alleges $94,148.48. (*See* **Exhibit 1**, Complaint, ¶22)

I verify that the foregoing is true and correct.

Executed this 17th day of July, 2017, at Phoenix, Arizona

FORAN GLENNON PALANDECH
PONZI & RUDLOFF, PC.


By: *s/ Amy L. Stein*               .
Amy M. Samberg
Amy L. Stein
1 East Washington Street, Suite 500
Phoenix, Arizona 85004
Attorneys for Defendant Liberty
Mutual Fire Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kevin Harper, Esq.
HARPER LAW PLC
350 N. Gilbert Road, Suite 204
Gilbert, AZ  85234
*Attorneys for Plaintiff*


/s/      *Brenda Uran*