# Exhibit 1



COPY

MAY 23 2017

MICHAEL K. JEANES, CLERK
D. HILL
DEPUTY CLERK

1 | Kevin Harper, State Bar No. 019118
**HARPER LAW PLC**
2 | 350 N. Gilbert Road, Ste. 204
Gilbert, Arizona 85234
3 | Tel: 602-256-6400
Fax: 602-256-6418
4 | kevin@harperlawaz.com
*Attorney for Plaintiffs*
5

## IN THE SUPERIOR COURT OF ARIZONA

6

### COUNTY OF MARICOPA

7

8 | ELIAS MARKET LLC, an Arizona limited
liability company,

9 | Plaintiffs,

10 | vs.

11 | LIBERTY MUTUAL INSURANCE
COMPANY, a Massachusetts Corporation;
12 | LIBERTY MUTUAL FIRE INSURANCE
COMPANY, a Massachusetts Corporation;
13 | JOHN AND JANE DOES 1-10; and BLACK
AND WHITE CORPORATIONS I-X,

14 | Defendants.

15

No. CV 2017-092824

**VERIFIED COMPLAINT**

**(Jury Trial Demanded)**

16 | Plaintiff ELIAS MARKET LLC, by and through undersigned counsel, makes the

17 | following allegations for its complaint against Defendants LIBERTY MUTUAL INSURANCE

18 | COMPANY and LIBERTY MUTUAL FIRE INSURANCE COMPANY:

19 | **PARTIES AND JURISDICTION**

20 | 1. Plaintiff ELIAS MARKET LLC is an Arizona limited liability company

21 | authorized to do business in the State of Arizona at all times material to this Complaint.

22 | 2. Upon information and belief, Defendants LIBERTY MUTUAL INSURANCE

23 | COMPANY and LIBERTY MUTUAL FIRE INSURANCE COMPANY are Massachusetts

24 | corporations authorized to do business, and is doing business, in the State of Arizona under the

25 | business identity of "LIBERTY MUTUAL INSURANCE," which is in the business of selling

26 | Liberty Mutual insurance polices in the State of Arizona, collecting premiums, underwriting

risks, and engaging in the insurance business. Defendants hereafter are collectively referred to as "LIBERTY MUTUAL."

3. The events alleged in this complaint occurred in Arizona. Defendants are present in Arizona and/or caused events to occur in Maricopa County, Arizona out of which Plaintiff's causes of action arise. The amount in controversy is in excess of the minimal jurisdictional amount of this Court.

4. Jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

5. Plaintiff ELIAS MARKET, LLC is business owned and operated by RIMOUN ELIAS, which operated a liquor store located at 6205 N. 59th Ave., Glendale, Arizona 85301 (the "Property").

6. Plaintiff was insured under a commercial policy of insurance issued by Defendants and effective from March 18, 2015 – March 18, 2016, policy number BKS566045311.

7. On July 14, 2015, Plaintiff suffered a fire at the Property that completely engulfed the building and resulted in a complete loss of the inventory and equipment within the store, in addition the loss of ongoing business income. These losses were covered under the Policy issued by Liberty Mutual.

8. After the fire Plaintiff asserted claims under the Policy (Claim No. 23122290), and on September 4, 2015 Liberty Mutual acknowledged the notice of loss and indicated it had commenced its investigation.

9. That notice confirmed that Liberty Mutual had already observed that the fire affected the entire store.

10.     Plaintiff then retained the services of Public Adjusters with Professional Claims Management, Inc. ("PCMI") to help analyze and quantify its claim, and those representatives communicated extensively with Liberty Mutual over the next several months.

11.     Those communications included detailed calculations and demands for prompt payment of Plaintiff's claim.

12.     Unfortunately, there were lengthy delays in getting access to conduct an inventory due to the condition of the burned out Property. Such access was required to provide pre-fire inventory figures for June 2015, which was required because the relevant records were destroyed in the fire.

13.     Before and after such access was gained, Liberty Mutual was consistently slow to respond and, when it did respond, it refused to honor its obligations under the Policy.

14.     On October 2, 2015, PCMI conveyed to Liberty Mutual an Adjusting Ending Merchandise Inventory for the period ending May 31, 2015, in the amount of $76,489.20, and demanded payment in the net amount of $51,489.26 (after allowing for deduction of $25,000.00 advanced by Liberty Mutual).

15.     PCMI subsequently conveyed demands for payment of the entire policy limits for Business Income under the Custom Protector Plus Endorsement, in the amount of $25,000.00, after it became evident that the claim would exceed that amount.

16.     On or about October 21, 2015, Liberty Mutual issued a supplemental payment in the amount of $12,148.16, based on an inventory commissioned by Liberty Mutual.

17.     On that same date Liberty Mutual requested, for the first time, various information that Liberty Mutual claimed it required to continue its evaluation of Plaintiff's claim.

18.     Plaintiff, via its representatives at PCMI, immediately objected to the adequacy of the inventory commissioned by Liberty Mutual, and again demanded payment for the quantum of the claim previously submitted.

3

19.     On October 28, 2015, Liberty Mutual sent a letter stating that it had completed its review of Plaintiff's claim and found only "partial coverage available for the loss."

20.     The calculation of coverage supplied by Liberty Mutual relied upon the deficient inventory it had commissioned, and conceded that Liberty Mutual had not even considered claims that could not have been submitted due to an inability to safely access the Property.

21.     In conclusion Liberty Mutual indicated that additional payment would be made in the amount of $85,444.00.

22.     After extensive efforts to obtain access and complete its own inventory, PCMI wrote to Liberty Mutual on May 12, 2016, addressing Liberty Mutual's prior analysis, and enclosing a completed Business Personal Property Inventory ("BPPI") outlining Plaintiff's claim with a demand for additional payment in the amount of $94,148.48.

23.     That demand included an invitation for Liberty Mutual to respond by explaining any objections it had to the BPPI in the event it was unwilling to pay the demand.

24.     Liberty Mutual completely ignored the May 12, 2016 demand, and on July 14, 2016, PCMI sent another letter demanding response and explaining Liberty Mutual's obligations to its Insured under Arizona law. That demand was also ignored.

25.     In a final effort to obtain some response and to resolve the matter amicably, PCMI sent another letter on August 18, 2016, which was also ignored.

26.     Plaintiff then obtained legal counsel and another demand, dated February 8, 2017, was sent to Liberty Mutual.

27.     Liberty Mutual responded on February 22, 2017. That response failed to address any objections it had to the BPPI, and refused to accept further responsibility under the Policy.

28.     Liberty Mutual's failure to address the details of the BPPI represent a refusal and failure to conduct a reasonable investigation of Plaintiff's claim before denying that claim in part.

4

29.     Notably, Liberty Mutual's responses are devoid of any facts and/or details suggesting that it had actually conducted a thorough, unbiased investigation.

30.     Pursuant to the terms of the Policy, Liberty Mutual is obligated to compensate Plaintiff against any covered loss or damage up to the limits of the Policy, sustained due to, among other things, property damage caused by fire.

31.     For the reasons described above, Plaintiff's equipment and inventory were a total loss, but Liberty Mutual has failed and refused to fully compensate Plaintiff for that loss.

32.     Based on the above, Plaintiff has been damaged because of Defendant's actions and will continue to suffer monetary damages until Plaintiff has been compensated for its losses as described above.

## COUNT ONE
### (Breach of Contract)

33.     Plaintiff incorporates all previous allegations as if set forth fully herein.

34.     Defendant has breached, and continues to breach, the terms of the Policy of insurance between Plaintiff and Defendant, including but not limited to the duty of good faith and fair dealing, by its acts and/or omissions, thereby causing injury to Plaintiff, who is Defendant's Insured.

35.     Defendant has failed to pay Policy benefits under Plaintiff's Policy of insurance.

36.     Plaintiff's claim is covered under said Policy of insurance and Plaintiff is entitled to Policy benefits.

37.     Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341, 12-341.01 and all other applicable statutes.

1

2
## COUNT TWO
### (Bad Faith)
3

4      38.     Plaintiff incorporates all previous allegations as if set forth fully herein.

5      39.     The aforesaid Policy of insurance between Plaintiff and Defendant imposes upon
6  Defendant the duty of good faith and fair dealing.

7      40.     Arizona law also imposes a duty upon an insurer to deal in good faith with its
8  Insureds.

9      41.     Defendant has committed bad faith and breached its implied covenant of good
10 faith and fair dealing by its acts and/or omissions, including, but not limited to, the following:

11         •    Failing to acknowledge and act reasonably and promptly upon
12              communications with respect to claims arising under an insurance policy;

13         •    Refusing to pay claims without conducting a reasonable investigation based
14              upon all available information;

15         •    Failing to affirm or deny coverage of claims within a reasonable time after
16              proof of loss statements have been completed;

17         •    Not attempting in good faith to effectuate prompt, fair and equitable
18              settlements of claims in which liability has become reasonably clear;

19         •    Compelling Insureds to institute litigation to recover amounts due under an
20              insurance policy by offering substantially less than the amounts ultimately
21              recovered in actions brought by the Insureds;

22         •    Attempting to settle a claim for less than the amount to which a reasonable
23              person would have believed he was entitled by reference to written or
24              printed advertising material accompanying or made part of an application;

25

26

- Failing to promptly provide a reasonable explanation of the basis in the insurance policy relative to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;
- Failing to give equal consideration to its Insured's interests;
- Placing its own interests ahead of its Insured's interests;
- Acting oppressively and forcing its Insured through needless adversarial hurdles to obtain the benefits of its Insured's Policy of insurance;
- Failing to pay the undisputed amount of benefits owed on a claim;
- Forcing its Insured to retain an attorney and commence litigation to obtain benefits when it was aware that coverage was available;
- Failing to provide true and accurate information and/or deliberately misleading its Insured;
- Failing to respond to its Insured's requests in a timely manner and needlessly delaying the processing of the claims;
- Causing its Insured to incur needless costs and attorneys' fees;

42.   As a direct and proximate result of Defendants' bad faith, Plaintiff has been damaged in an amount to be proven at trial.

43.   Defendants' acts, conduct and omissions, as aforesaid, were done intentionally, with an evil mind, and/or with a conscious, calculated and outrageous disregard for the substantial risk of harm to Defendants' Insured, knowing that its acts and omissions were conducted for their own exclusive interest, thereby entitling Plaintiff to an award of punitive damages in an amount appropriate to punish and set an example of Defendants.

WHEREFORE, Plaintiff request judgment as follows:

(A)   Awarding judgment for Plaintiff and against Defendants;

(B)   Awarding Plaintiff compensatory damages and other general damages alleged and proven at the time of trial arising out of Defendants' bad faith and breach of the covenant of good faith and fair dealing;

(C)   Awarding Plaintiff punitive and exemplary damages in an amount appropriate to punish and set an example of Defendants, and to discourage such conduct against other Insureds in the future;

(D)   Awarding Plaintiff its costs of suit, reasonable attorneys' fees, expert witness fees as allowed by law;

(E)   Taxable costs incurred herein; and

(F)   For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions raised by this Complaint.

RESPECTFULLY SUBMITTED this 22 day of May, 2017.

HARPER LAW PLC

By_____
Kevin Harper
Attorney for Plaintiff

8

## VERIFICATION

1.   I am an owner and office of the Plaintiff LLC in the foregoing action;

2.   I have read the foregoing Complaint and know the contents thereof;

3.   The same are true of my own personal knowledge except as to those statements made upon information and belief, and as to those, I believe them to be true; and

4.   I declare under penalty of perjury that the foregoing is true and correct.


EXECUTED on this _22_day of May, 2017.

_____
Rimoun Elias

9